UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHILA TARVERDIYEVA, on behalf of herself and VIJAY TANDON as permissive joinder,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE, INC., COINBASE GLOBAL, INC., PHILLIP MARTIN, MATTHEW MULLER,<br><br>Defendants. | No. C 22-05468 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**INTRODUCTION**

In this civil action accusing defendants of various torts and statutory violations in operation of a cryptocurrency exchange platform, defendants move to dismiss plaintiffs' claims as precluded by *res judicata* under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion to dismiss is **GRANTED**.

**STATEMENT**

In July 2021, plaintiff Rahila Tarverdiyeva, proceeding *pro se*, filed suit against defendant Coinbase Global, Inc. in the District Court for the Middle District of Florida. *See Tarverdiyeva v. Coinbase Glob., Inc.*, No. C 21-01717 MSS (M.D. Fla.).[1] There she alleged

---

[1] Defendants request judicial notice of documents publicly filed in this earlier suit (Miller Decl. Exhs. 1, 3–13; Miller Supp. Decl. Exh. 2). Courts may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). And they "routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Accordingly, this order takes judicial notice of these documents.

1   that Coinbase violated the user agreement they had entered into by stealing roughly $500,000

2   worth of cryptocurrency and fiat currency from her account on its exchange platform (Miller

3   Supp. Decl. Exh. 2 at 5). According to Tarverdiyeva's complaint in that action, on November

4   11, 2020, Coinbase accessed her account without her permission, withdrew all or nearly all of

5   her funds, and thereafter failed to adequately address the alleged theft (*id*. at 5–6).

6   Tarverdiyeva sought the return of her funds and equitable relief, as well as "to restore justice

7   and restore [her] violated civil rights" (*id*. at 7).

8        In August 2021, Coinbase moved to compel arbitration and stay the action in the Middle

9   District of Florida under the terms of the user agreement (Miller Decl. Exh. 4). The following

10  month, the district court granted the motion and stayed that action (*id*. Exh. 1). After

11  Tarverdiyeva's motion for reconsideration was denied, her appeal to the Court of Appeals for

12  the Eleventh Circuit was dismissed, and her petition for writ of certiorari before the Supreme

13  Court was denied, she voluntarily dismissed the action in the Middle District of Florida in

14  October 2022 (*id*. Exhs. 10–13). *See also Tarverdiyeva v. Coinbase Glob., Inc.*, No. 21-CV-

15  1717-MSS-SPF, 2021 WL 4527960 (M.D. Fla. Sept. 8, 2021), *appeal dismissed*, No. 21-

16  13354, 2022 WL 997800 (11th Cir. Mar. 22, 2022), *cert. denied*, No. 21-1534, 2022 WL

17  4651930 (U.S. Oct. 3, 2022).

18       One week before that voluntary dismissal — and roughly six months after this Court

19  denied a motion to compel arbitration in a related case[2] — Tarverdiyeva filed the instant suit

20  against Coinbase in the District Court for the Northern District of California. Here, she filed

21  on behalf of herself and her husband plaintiff Vijay Tandon (as a permissive joinder), and she

22  sued various Coinbase entities (Coinbase Global, Inc., subsidiary Coinbase, Inc., and two

23  Coinbase employees, Chief Security Officer Phillip Martin and Head of Security Matthew

24  Muller). But the allegations are otherwise familiar. According to the complaint in this action,

25  defendants violated several clauses of the user agreement by stealing roughly $500,000 worth

26  of cryptocurrency and fiat currency from Tarverdiyeva's account (Compl. ¶ 9). Plaintiffs

---

[2] *See Bielski v. Coinbase, Inc.*, No. C 21-07478 WHA (N.D. Cal.) (Dkt. No. 42). An appeal of that order is presently pending. *See Bielski v. Coinbase, Inc.*, No. 22-15566 (9th Cir.).

allege that, on November 11, 2020, Coinbase accessed her account without permission, withdrew all or nearly all the funds in her account, and thereafter failed to adequately address the alleged theft (*id*. ¶¶ 10–11). Plaintiffs here formally assert claims for intentional misrepresentation, civil conspiracy, conversion, violations of the Electronic Fund Transfer Act, and fraud, but the requested remedies still include damages and equitable relief (*id*. ¶¶ 12–27). Note plaintiffs here also seek treble damages under California Civil Code Section 3294, declaratory relief, and costs and fees (*id*. ¶ 27).

Defendants now move to dismiss plaintiffs' complaint under Rule 12(b)(6) as barred by *res judicata* on account of the order compelling arbitration filed by the District Court for the Middle District of Florida. This order follows full briefing and finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b). The hearing is hereby **VACATED**. Plaintiffs' motion to appear by telephone is hereby **DENIED** as **MOOT**.

## ANALYSIS

"The doctrine of *res judicata* ensures the finality of decisions. It serves to protect adversaries from the expense and vexation attending multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1528–29 (9th Cir. 1985) (internal quotation and citation omitted). "Although the time has not yet come when courts can be forced into a single vocabulary, substantial progress has been made toward a convention that the broad 'res judicata' phrase refers to the distinctive effects of a judgment separately characterized as 'claim preclusion' and 'issue preclusion.'" 18 Charles Alan Wright et al., Federal Practice and Procedure § 4402 (3d ed. 2022).

"Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880,

1    892 (2008) (internal quotations and citations omitted).  Here, defendants argue that plaintiffs'

2    claims are barred by both doctrines.

3        As a threshold matter, this order considers whether defendants have appropriately

4    asserted *res judicata* in their motion to dismiss.  Although *res judicata* is an affirmative

5    defense under Rule 8(c) of the Federal Rules of Civil Procedure, and affirmative defenses

6    ordinarily cannot be asserted in a motion to dismiss under Rule 12(b), our court of appeals has

7    held that *res judicata* may be asserted in such a motion when it does not raise any disputed

8    issues of fact.  *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *see also* 5 Wright

9    et al., Federal Practice and Procedure § 1277 (4th ed. 2022).  Here, defendants base their

10   arguments on the complaint in this action and the judicially-noticed filings in the prior action.

11   No disputed issues of fact are raised in their motion to dismiss, so *res judicata* is appropriately

12   asserted.  *See Conway v. Geithner*, No. 12-CV-00264-CW, 2012 WL 1657156, at *2 (N.D.

13   Cal. May 10, 2012) (Judge Claudia Wilken).

14       At the outset, this order also briefly addresses choice of law principles.  "The source of

15   the law that governs the preclusion consequences of an arbitration award has not been much

16   developed."  18B Wright et al., Federal Practice and Procedure § 4475.1 (3d ed. 2022).  And as

17   one might expect, the same can be said for the source of law governing the preclusion

18   consequences of other arbitration developments, such as orders compelling arbitration.  The

19   parties do not dispute the law that governs, though they do appear to equivocate.  Here,

20   "[b]ecause [state] preclusion law closely resemble[s] federal preclusion law, there is no reason

21   to belabor the point."  *FleetBoston Fin. Corp. v. Alt*, 638 F.3d 70, 79 n.10 (1st Cir. 2011).

22   Plaintiffs' complaint could be dismissed under state or federal standards for claim or issue

23   preclusion.  But recognizing our court of appeals recently held, as a matter of first impression,

24   that Florida law governs the preclusive effect of an arbitration award confirmed by a federal

25   district court in Florida sitting in diversity, this order applies Florida law in assessing the

26   preclusive effect of such a court's order compelling arbitration.  *See NTCH-WA, Inc. v. ZTE*

27   *Corp.*, 921 F.3d 1175, 1180–81 (9th Cir. 2019).

28

Under Florida law, claim preclusion applies and bars litigation when there is concurrence in: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom the claim is made." *Id*. at 1181 (quoting *Fla. Bar v. St. Louis*, 967 So. 2d 108, 119 (Fla. 2007)). Such concurrence is satisfied here. "That [new] damages were sought under various legal theories is inapposite; the identity-of-the-thing-sued-for prong 'focuses on the difference between money damages and injunctive relief—not on difference[s] between the *type* of monetary damages sought'" and slight variations in requested relief like those before this Court. *Id*. at 1182 (quoting *In re Residential Capital, LLC*, 513 B.R. 446, 459 (Bankr. S.D.N.Y. 2014) (applying Florida law)). Meanwhile, "[t]he determining factor in deciding whether the cause of action is the same [under Florida law] is whether the facts or evidence necessary to maintain the suit are the same in both actions[,]" which they clearly are here as set out in the Statement. *Ibid*. (quoting *Albrecht v. State*, 444 So. 2d 8, 12 (Fla. 1984) (superseded by statute on other grounds)).

Moreover, plaintiffs "read[] the 'same parties' requirement . . . too narrowly." *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 525 (Fla. Dist. Ct. App. 2005). "[T]o be in privity with a party to an earlier lawsuit [under Florida law], 'one must have an interest in the action such that she will be bound by the final judgment as if she were a party.'" *NTCH-WA*, 921 F.3d at 1183 (quoting *Provident Funding Assocs., L.P. v. MDTR*, 257 So. 3d 1114, 1118 (Fla. Dist. Ct. App. 2018)). Because new plaintiff Tandon's interests in the allegedly stolen funds are fully aligned with his wife's interests in the prior action, privity exists between them. What's more, "Florida treats parent corporations and subsidiaries" like new defendant Coinbase, Inc. "as privies for purposes of preclusion," and "[a] ruling against a corporation in a final judgment is binding in later litigation upon individuals who fully participated in the earlier lawsuit through their control of the corporation" like new defendants Martin and Muller. *Ibid*. (citing *Jenkins v. Lennar Corp.*, 972 So. 2d 1064, 1066 (Fla. Dist. Ct. App. 2008)); *Zikofsky*, 904 So. 2d at 525. Because all parties to this litigation are either identical or in privity with those in the earlier action, and there is an identical "quality" in them for which they are involved (suing in their

5

personal capacities and being sued in their corporate capacities, respectively), claim preclusion applies. *See NTCH-WA*, 921 F.3d at 1184 (citing *Ford v. Dania Lumber & Supply Co.*, 7 So. 2d 594, 595 (Fla. 1942)).

Issue preclusion under Florida law requires that: "(1) the identical issue was presented in a prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate the issue; (4) the parties to the prior action were identical to the parties of the current proceeding; and (5) the issue was actually litigated." *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015). As explained above, the parties to the prior action were identical according to Florida law. Although plaintiffs argue that "the issue decided in the prior adjudication (Breach of Contract) is not identical with the one presented in the subsequent litigation: Intentional Misrepresentation, Conversion, [and] Fraud/theft" (Opp. 3), Florida courts recognize that an identical factual issue can be presented to substantiate different claims. *See, e.g.*, *Provident Life & Accident Ins. Co. v. Genovese*, 138 So. 3d 474, 478 (Fla. Dist. Ct. App. 2014). Here, "the identical factual issue was presented in both cases" — the user agreement's application to allegations of "inside job" theft — and there is no question that this issue was a critical and necessary part of the prior determination. Meanwhile, the record indicates that there was a full and fair opportunity to litigate this issue previously; Tarverdiyeva filed multiple documents in opposition to the motion to compel arbitration (Miller Decl. Exhs. 6–9), moved for reconsideration of the order compelling arbitration, appealed this order to the Eleventh Circuit, and even petitioned for a writ of certiorari. And although the action in the Middle District of Florida was voluntarily dismissed without prejudice after the district court issued its order, it is clear that the issue was "actually litigated," resulting in a binding decision compelling arbitration. Thus, issue preclusion applies and bars this litigation as well.

In sum, plaintiffs cannot relitigate their action in this Court and any amendment of their complaint would be futile. It is for the district court in the Middle District of Florida to decide whether Tarverdiyeva should be allowed to reopen her case there and to review any motion to confirm, modify, or vacate an arbitration award in that case, if filed. *See* FRCP 60(b); *PTA-*

*FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1308–09 (11th Cir. 2016) (holding that a district court retained jurisdiction to review a motion to confirm an arbitration award after a voluntary dismissal of an action).

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED** without leave to amend. Plaintiffs are advised that they may appeal this matter to the Court of Appeals for the Ninth Circuit within thirty days of the entry of judgment.

**IT IS SO ORDERED.**

Dated: December 29, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE