UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHILA TARVERDIYEVA, on behalf of herself, and VIJAY TANDON, as permissive joinder,<br><br>    Plaintiffs,<br><br>  v.<br><br>COINBASE, INC., COINBASE GLOBAL, INC., PHILLIP MARTIN, and MATTHEW MULLER,<br><br>    Defendants. | No. C 22-05468 WHA<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT** |

Just short of a year after the dismissal of this action and the entry of judgment, plaintiffs move to vacate the judgment under Rule 60(b)(3). This order follows full briefing and finds the motion suitable for disposition on the papers under Local Rule 7-1(b). The hearing is **VACATED**. For the reasons stated below, the motion is **DENIED**.

In her second lawsuit against defendant Coinbase, Inc., plaintiff Rahila Tarverdiyeva, now permissively joined by her husband, plaintiff Vijay Tandon, accuses various Coinbase entities of intentional misrepresentation, civil conspiracy, conversion, violations of the Electronic Fund Transfer Act, and fraud based on alleged violations of the applicable user agreement. Plaintiffs filed suit in this district one week before plaintiff Tarverdiyeva voluntarily dismissed her first lawsuit against Coinbase in the Middle District of Florida — and roughly one year after that district court granted a motion to compel arbitration of her claims.

Here, a December 2022 order dismissed this second lawsuit under the doctrine of *res judicata* (Dkt. No. 22).

Rule 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment" on the basis of "fraud . . . misrepresentation, or misconduct by an opposing party." The movant must prove, by clear and convincing evidence, that the judgment was "obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Plaintiffs have not met their burden here.

Specifically, plaintiffs allege that defendants made false statements and mischaracterized the scope of plaintiff Tarverdiyeva's prior litigation in Florida (*see, e.g.*, Reply Br. 4). According to plaintiffs, "unequivocal evidence directly contradicts alleged facts used to support a legal argument or court's previous analysis," and defendants need further evidentiary support to show that the district court in Florida "substantively adjudicated the fraud-based allegations" (*ibid.*). Not so. Even though plaintiff Tarverdiyeva voluntarily dismissed the Florida action, a binding decision compelling arbitration had already issued. *See Tarverdiyeva v. Coinbase Glob., Inc.*, No. C 21-01717 MSS (M.D. Fla.). Defendants have not made false statements. Rather, they have accurately characterized the decision in the Middle District of Florida and its preclusive effect here.

Plaintiffs complain that the Florida decision did not fully resolve the merits of their claims. But our court of appeals has made clear that the district court's "role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991)). Defendants do not "overstate what an [*sic*] reasonably be interpreted from these orders," as plaintiffs contend (Reply Br. 4). The district court in Florida compelled arbitration of all of plaintiff Tarverdiyeva's claims. As such, it did not (and could not) reach their merits.

Similarly, this district court examined whether plaintiff Tarverdiyeva's latest suit was barred by *res judicata*. Plaintiffs allege that the December 2022 order relied on "Defendants' misleading statement concerning issue preclusion, rather than independently verifying whether the precise matters at hand truly faced adjudication earlier" (*ibid.*). Again, plaintiffs seek merits rulings that the circumstances do not allow. The December 2022 order considered plaintiff Tarverdiyeva's previous action and, as explained therein, examination of its preclusive effect was all that was called for (*see* Dkt. No. 22 at 5–6). Plaintiffs have not shown, by clear and convincing evidence, that the judgment was obtained through fraud, misrepresentation, or other misconduct, and that this prevented them from fully and fairly presenting the defense.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to vacate the judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 30, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE