# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

Name of U.S. District Court: NORTHERN DISTRICT OF CALIFORNIA

U.S. District Court case number: 3:22-cv-05468-WHA

Date case was first filed in U.S. District Court: September 26, 2022

Date of judgment or order you are appealing: January 30, 2024

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

● Yes   ○ No   ○ IFP was granted by U.S. District Court

---

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Rahila Tarverdiyeva
Vijay Tandon

Is this a cross-appeal? ○ Yes   ● No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case?   ○ Yes   ● No

If Yes, what is the prior appeal case number?

Your mailing address:

460 Archway Dr.,

City: Spring Hill   State: FL   Zip Code: 34608

Prisoner Inmate or A Number (if applicable):

**Signature** *[signature: Vijay Tandon]*   **Date** February 12, 2024

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 1                                                            Rev. 12/01/2018

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

| |
|---|
| Rahila Tarverdiyeva<br>Vijay Tandon |

Name(s) of counsel (if any):

| |
|---|
| |

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

| |
|---|
| Coinbase, Inc., Coinbase Global, Phillip Martin, Matthew Muller. |

Name(s) of counsel (if any):

| |
|---|
| Matthew Miller ( (Bar No. 172661) |

Address: | 555 Mission Street, Suite 2400, San Francisco, California 94105-2933

Telephone number(s): | 415.836.2500

Email(s): | matt.miller@us.dlapiper.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                               *1*                               *Rev. 12/01/2018*

1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7

8                                    NORTHERN DISTRICT OF CALIFORNIA

9

10    RAHILA TARVERDIYEVA, on behalf of
      herself, and VIJAY TANDON, as
11    permissive joinder,                                    No.  C 22-05468 WHA

12              Plaintiffs,

13         v.
                                                             **ORDER DENYING MOTION TO**
14    COINBASE, INC., COINBASE GLOBAL,                        **VACATE JUDGMENT**
      INC., PHILLIP MARTIN, and MATTHEW
15    MULLER,

16              Defendants.

17

18         Just short of a year after the dismissal of this action and the entry of judgment, plaintiffs

19    move to vacate the judgment under Rule 60(b)(3).  This order follows full briefing and finds

20    the motion suitable for disposition on the papers under Local Rule 7-1(b).  The hearing is

21    **VACATED**.  For the reasons stated below, the motion is **DENIED**.

22         In her second lawsuit against defendant Coinbase, Inc., plaintiff Rahila Tarverdiyeva,

23    now permissively joined by her husband, plaintiff Vijay Tandon, accuses various Coinbase

24    entities of intentional misrepresentation, civil conspiracy, conversion, violations of the

25    Electronic Fund Transfer Act, and fraud based on alleged violations of the applicable user

26    agreement.  Plaintiffs filed suit in this district one week before plaintiff Tarverdiyeva

27    voluntarily dismissed her first lawsuit against Coinbase in the Middle District of Florida — and

28    roughly one year after that district court granted a motion to compel arbitration of her claims.

1   Here, a December 2022 order dismissed this second lawsuit under the doctrine of *res judicata*

2   (Dkt. No. 22).

3         Rule 60(b)(3) provides that "the court may relieve a party or its legal representative from

4   a final judgment" on the basis of "fraud . . . misrepresentation, or misconduct by an opposing

5   party." The movant must prove, by clear and convincing evidence, that the judgment was

6   "obtained through fraud, misrepresentation, or other misconduct and the conduct complained

7   of prevented the losing party from fully and fairly presenting the defense." *De Saracho v.*

8   *Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Plaintiffs have not met their

9   burden here.

10         Specifically, plaintiffs allege that defendants made false statements and mischaracterized

11   the scope of plaintiff Tarverdiyeva's prior litigation in Florida (*see, e.g.*, Reply Br. 4).

12   According to plaintiffs, "unequivocal evidence directly contradicts alleged facts used to

13   support a legal argument or court's previous analysis," and defendants need further evidentiary

14   support to show that the district court in Florida "substantively adjudicated the fraud-based

15   allegations" (*ibid.*). Not so. Even though plaintiff Tarverdiyeva voluntarily dismissed the

16   Florida action, a binding decision compelling arbitration had already issued. *See Tarverdiyeva*

17   *v. Coinbase Glob., Inc.*, No. C 21-01717 MSS (M.D. Fla.). Defendants have not made false

18   statements. Rather, they have accurately characterized the decision in the Middle District of

19   Florida and its preclusive effect here.

20         Plaintiffs complain that the Florida decision did not fully resolve the merits of their

21   claims. But our court of appeals has made clear that the district court's "role is strictly limited

22   to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the

23   claim and any defenses to the arbitrator." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,

24   207 F.3d 1126, 1131 (9th Cir. 2000) (quoting *Republic of Nicaragua v. Standard Fruit Co.*,

25   937 F.2d 469, 478 (9th Cir. 1991)). Defendants do not "overstate what an [*sic*] reasonably be

26   interpreted from these orders," as plaintiffs contend (Reply Br. 4). The district court in Florida

27   compelled arbitration of all of plaintiff Tarverdiyeva's claims. As such, it did not (and could

28   not) reach their merits.

United States District Court
Northern District of California

1    Similarly, this district court examined whether plaintiff Tarverdiyeva's latest suit was

2    barred by *res judicata*.  Plaintiffs allege that the December 2022 order relied on "Defendants'

3    misleading statement concerning issue preclusion, rather than independently verifying whether

4    the precise matters at hand truly faced adjudication earlier" (*ibid*.).  Again, plaintiffs seek

5    merits rulings that the circumstances do not allow.  The December 2022 order considered

6    plaintiff Tarverdiyeva's previous action and, as explained therein, examination of its preclusive

7    effect was all that was called for (*see* Dkt. No. 22 at 5–6).  Plaintiffs have not shown, by clear

8    and convincing evidence, that the judgment was obtained through fraud, misrepresentation, or

9    other misconduct, and that this prevented them from fully and fairly presenting the defense.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to vacate the judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 30, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3