UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHILA TARVERDIYEVA, on behalf of herself, and VIJAY TANDON, as permissive joinder,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE, INC., COINBASE GLOBAL, INC., PHILLIP MARTIN, and MATTHEW MULLER,<br><br>Defendants. | No. C 22-05468 WHA<br><br>**ORDER DENYING SECOND MOTION TO VACATE JUDGMENT** |

**INTRODUCTION**

Plaintiffs' claims involving cryptocurrency were dismissed for *res judicata* three years ago. Plaintiffs' motion to vacate that judgment was denied two years ago. Plaintiffs' appeal of that denial resulted in an affirmance one year ago. Now, plaintiffs again move to vacate judgment.

**STATEMENT**

Plaintiff Rahila Tarverdiyeva has long alleged that Coinbase took cash and cryptocurrency from her, and Coinbase has long asserted that such claims must be arbitrated.

In July 2021, Tarverdiyeva brought suit in the Middle District of Florida. Coinbase moved to arbitrate. The motion was granted and the federal matter stayed pending arbitration (*see* Dkt. No. 15-2). Tarverdiyeva's motion to reconsider that order was rejected. Her

1    attempted interlocutory appeal was dismissed for lack of jurisdiction. *Tarverdiyeva v.*
2    *Coinbase Glob., Inc.*, No. 21-13354-CC, 2022 WL 997800, at *1 (11th Cir. Mar. 22), *cert.*
3    *denied*, 143 S. Ct. 107 (Oct. 3, 2022). Finally, she voluntarily dismissed her stayed action
4    "without prejudice" from the Middle District of Florida, in October 2022 (*see* Dkt. No. 15-14).

5          Meanwhile, in September 2022, plaintiff already had commenced the instant action in our
6    district. The factual predicates for the claims were identical, but this incarnation included a
7    new plaintiff (Tarverdiyeva's husband, Vijay Tandon) plus two new defendants (Coinbase
8    employees Phillip Martin and Matthew Muller) (*compare, e.g.*, Dkt. No. 15-3 ¶¶ 1–8, *with* Dkt.
9    No. 1 ¶ 10). Coinbase asserted that the instant suit was barred by *res judicata* (Dkt. No. 14).
10   After full briefing, the undersigned vacated the hearing on the motion because the required
11   result was clear: The claims and issues were precluded from re-litigation (Dkt. No. 22). The
12   parties were the same (or in privity with the prior ones), the factual predicates the same, and —
13   the crux here — the threshold question of whether to compel arbitration already had been
14   decided. The claims were subject to an order already compelling arbitration; they could not be
15   decided here. The claims were dismissed and final judgment entered in December 2022 (Dkt.
16   No. 23). No appeal was taken.

17         About a year after judgment, in December 2023, plaintiffs moved to vacate judgment —
18   styling the motion under Rule 60(b)(3) (Dkt. No. 25). They stated they had not been "afforded
19   a meaningful opportunity to present" their claims and had not "receive[d] a full adjudication on
20   the merits" (*id.* at 6). They contended that Coinbase had procured a final judgment by
21   fraudulently mischaracterizing the action in the Middle District of Florida. But the
22   undersigned found no basis for relief (Dkt. No. 32). And, our appellate court affirmed (Dkt.
23   No. 36). The appeals court also concluded that it lacked jurisdiction to review the underlying
24   issue of *res judicata*, which had not been timely appealed (*ibid.*). *Tarverdiyeva v. Coinbase,*
25   *Inc.*, No. 24-826, 2024 WL 3963843, at *1 (9th Cir. Aug. 28, 2024) (mem.) (per curiam).

26         Now, about a year after this affirmance, plaintiffs *again* seek relief from judgment — this
27   time styling their motion under Rule 60(b)(4) (Dkt. No. 38). This order follows full briefing, a
28   hearing, and supplemental briefing.

**ANALYSIS**

Rule 60(b)(4) permits relief from judgment where the "judgment is void." "A judgment is not void merely because it is erroneous." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Instead, "final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

1. **THE ISSUES RAISED IN BRIEFING.**

Because error is not enough to merit relief under Rule 60(b)(4), this order declines plaintiffs' invitation to revisit the factual and legal analyses underlying the *res judicata* order (*e.g.*, Br. §§ V.1–4, VI.1, VI.3). *See also Tarverdiyeva*, 2024 WL 3963843, at *1 (declining to address *res judicata* as untimely appealed). And, because plaintiffs do not point to any jurisdictional defect in the suit they themselves brought, only due process concerns remain to be addressed.

*First*, plaintiffs contend their due process rights were violated because the district court dismissed their suit "without holding a hearing" (Br. § III.A.8). But a "court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b); *see Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971) (per curiam).

*Second*, plaintiffs contend their rights were violated because the district judge took judicial notice of proceedings in the Middle District of Florida (Br. § V.5). But plaintiffs were afforded notice and an opportunity to be heard on the propriety of such notice. Recall that defendant requested that this Court take notice of the other docket (Dkt. No. 15), and moved to dismiss while pointing to the other docket's entries (Dkt. No. 14). Plaintiffs did not oppose the request. Rather, plaintiffs themselves requested that the district court take notice of *even more* from the Middle District of Florida (*see* Dkt. No. 18 at 3; *see also* Dkt. No. 47-1 (doing so again)).

*Finally*, plaintiffs make a litany of arguments that are unclear but that appear to have in common the following point: "This case is not about procedural technicalities[ but] is about

grand theft, a first-degree felony" (Reply 2). This is just another way of stating that plaintiffs' instant motion to vacate is premised not upon due process violations at all but upon plaintiffs' belief that the *res judicata* order was wrongly decided and the underlying claims should be heard. That question is behind us. *Tarverdiyeva*, 2024 WL 3963843, at *1.

### 2. THE ISSUES RAISED IN SUPPLEMENTAL BRIEFING.

At our hearing and just afterward, the district judge asked the parties to consider one more point: While the *res judicata* decision had focused on the threshold question of arbitrability, what if defendants in fact refused to arbitrate the fraud/conversion claims, whether as time-barred or otherwise? Would this mean that litigation *could* proceed in federal district court instead? The parties were asked to provide supplemental briefing (Dkt. No. 50).

*Defendants* respond by rejecting the stated premise: "[N]o Defendant would contend that any of the claims asserted in the Middle District of Florida or in this action are not subject to arbitration" (Supp. Opp. 1 (emphasis omitted)). Yes, defendants admit they will invoke plaintiffs' lack of timeliness in bringing claims as a reason to bar them under various statutes of limitations. But defendants assert that how these statutes of limitations apply (or not) is itself a decision that can and should be arbitrated. And, defendants further promise to treat the statutory periods as tolled during the pendency of all litigation in the Middle District of Florida, the Northern District of California, and the Court of Appeals for the Ninth Circuit (*id.* at 2:14–20). Defendants end by underscoring that plaintiffs assert no jurisdictional or due process defect, so judgment must stand. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

*Plaintiffs*' response does not reveal any error in defendants' characterization. Recall plaintiffs appear *pro se*.

As for any jurisdictional defect, plaintiffs newly assert that they allege criminal violations and that criminal violations are beyond what can be arbitrated (*see* Supp. Br. 2). But criminal violations are beyond what can be litigated by civil litigants in federal court, too. And, even assuming civil claims involving criminal-like conduct cannot be arbitrated, this is another way

of saying plaintiffs disagree with the merits of the district court decisions respecting arbitration and *res judicata*.

As for any due process defect, plaintiffs newly assert that they are "left without any forum to pursue their unresolved theft and fraud claims" (*id.* at 4). But plaintiffs' assertions are incorrect. Plaintiffs assert what will happen "[i]f Defendants contend that arbitration is no longer available" (*id.* at 2) — while defendants already have conceded the opposite. And, plaintiffs' alternative assertions that do account for defendants' concession are self-contradictory. Plaintiffs will not lack "any forum" "[i]f Defendants [ ] concede that arbitration remains available" (*id.* at 4). To the extent plaintiffs are concerned defendants will argue in arbitration that some claims are time-barred by statutes of limitations, those arguments concern the viability of a claim and not the forum to decide it (*compare ibid.*, *with* Dkt. No. 56).

Most strikingly, plaintiffs' response rejects an even more fundamental premise of the Court's question (than the premise the defendants reject when stating they *accept* the claims are subject to arbitration): Plaintiffs state "[p]laintiffs have no intention of initiating arbitration" (*id.* at 3). So be it.

## CONCLUSION

Plaintiffs have failed to point to any colorable basis to find the judgment void. Plaintiffs' second motion to vacate the judgment (Dkt. No. 38) is **DENIED**.

Plaintiffs are forewarned not to assert these arguments again in this district court. Doing so again would be frivolous. If plaintiffs do make such arguments again regardless, they may subject themselves to a sanctions order requiring that they pay the other side's cost of defending these assertions, among other possible sanctions that might then be warranted.

**IT IS SO ORDERED.**

Dated: November 21, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE